IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL S. PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SUNEJA, M.D.; JAMIA KLAUSING; LORI SNIDER, R.N.; A. TARIQ, M.D.; SHIRLEY SHAW; CINDY GUEBERT, R.N.; ROGER SHOENBECK; NICK CHANDLER; BEVERLY HICKMAN; S.T.A. SHAWN; S.T.A. BILL; S.T.A. JEREMY; S.T.A. ADAM; S.T.A. ZACHERY; and O.I.G. RUSSELL HECK,<br><br>　　　　Defendants. | Case No. 12-cv-18-JPG |

## MEMORANDUM AND ORDER

Plaintiff, formerly incarcerated at Chester Mental Health Clinic and currently incarcerated at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that while he was at the Chester Mental Health Clinic Defendants Chandler, Shawn, Bill, Jeremy, Adam and Zachery assaulted him because he had been convicted of aggravated criminal sexual abuse of a child. Plaintiff alleges that Defendant Heck took pictures and x-rays of Plaintiff following the assault and that Defendants Suneja, Klausing, Snider, Tariq, Shaw, Guebert and Shoenbeck knew about the assault after it occurred but did nothing in response.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Although not technically referred to him at the time, Magistrate Judge Williams granted Plaintiff's motion to amend his complaint, and the Court hereby adopts that order and considers the Amended Complaint (Doc. 21) as the operative pleading in this case. Accepting

Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:** A claim against all Defendants for excessive force in violation of the Eighth Amendment.

Defendants Suneja, Klausing, Snider, Tariq, Shaw, Guebert, Shoenbeck and Heck are dismissed from Count 1 with prejudice for the following reason:

- Plaintiff makes no allegations against these defendants plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Defendant is generally not liable for the misdeeds of others simply because he knew about them. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, Plaintiff simply alleges these Defendants knew about an assault that had already been completed but not that they caused or contributed to the assault.

### Pending motions

The Court **DENIES without prejudice** Plaintiff's motion to exhaust administrative remedies (Doc. 19). The Court cannot discern what Plaintiff is seeking in this motion.

The Court **DENIES as moot** Plaintiff's motion for an extension of time and for the status of case (Doc. 22). Plaintiff currently has no deadlines in this case, and this order provides adequate notice of the status of this case. The Court further notes that Plaintiff has implicitly notified the Court of a change of address in his motion and **DIRECTS** the Clerk of Court to change Plaintiff's address in the file to Centralia Correctional Center, Inmate Mail/Parcels, P.O. Box 7711, Centralia, IL  62801-7711 and to resend him a copy of any documents in the file that were returned as undeliverable.

### Disposition

The following defendants are **DISMISSED** from this action **with prejudice**:

> Suneja
> Klausing
> Snider
> Tariq

    Shaw
    Guebert
    Shoenbeck
    Heck

The following defendants remain in the instant action:

    Chandler
    Shawn
    Bill
    Jeremy
    Adam
    Zachery

The Clerk of Court shall prepare for Defendants **CHANDLER, SHAWN, BILL, JEREMY, ADAM** and **ZACHERY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  If the plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

4

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 6, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**