IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL S. PADILLA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 12-18-JPG-PMF |
| ) | |
| **CHESTER MENTAL HEALTH** ) | |
| **CLINIC, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for discovery sanctions (Doc. No. 50). Plaintiff Daniel Padilla filed this civil rights action, alleging that he had been assaulted at Chester Mental Health Clinic (Doc. No. 21). In November, 2012, the defendants asserted an affirmative defense based on the Prison Litigation Reform Act, which requires exhaustion of administrative remedies before certain civil rights suits are filed (Doc. No. 38). Discovery was restricted, and the parties were given a March 29, 2013, deadline for filing motions regarding the exhaustion defense (Doc. No. 41).

On February 26, 2013, the defendants served written discovery, consisting of interrogatories and a request for production of documents. Responses remain outstanding. A motion to compel discovery was filed and granted. On May 30, 2013, plaintiff was ordered to serve his discovery responses by June 14, 2013 (Doc. No. 49). The deadline for filing motions regarding the exhaustion defense was extended to July 19, 2013. Because discovery remains outstanding, the defendants have not been able to meet the extended deadline for filing their motion pertaining to their exhaustion defense. They suggest that dismissal would be an appropriate sanction in these circumstances.

The deadline for plaintiff's response to the sanction request has been extended (Doc. No. 52). The extended deadline has expired and no response is on file. The absence of a response may be considered an admission to the merits of the motion for sanctions. SDIL-LR 7.1(f).

Sanctions are available when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2). Plaintiff's failure to comply with the May 30, 2013, Order prevents the defendants from gathering information crucial to their affirmative defense and from preparing a timely motion. Further proceedings have been delayed. Because the affirmative defense must be resolved before the Court may address the merits, dismissal is an appropriate sanction.

IT IS RECOMMENDED that defendants' motion for sanctions (Doc. No. 50) be GRANTED. This action should be dismissed with prejudice as a sanction for plaintiff's failure to serve discovery responses as directed on May 30, 2013.

**SUBMITTED:  July 31, 2013  .**

 s/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**