IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL S. PADILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>S. SUNEJA, M.D.; JAMIA KLAUSING; LORI SNIDER, R.N.; A. TARIQ, M.D.; SHIRLEY SHAW; CINDY GUEBERT, R.N.; ROGER SHOENBECK; NICK CHANDLER; BEVERLY HICKMAN; S.T.A. SHAWN; S.T.A. BILL; S.T.A. JEREMY; S.T.A. ADAM; S.T.A. ZACHERY; and O.I.G. RUSSELL HECK,<br><br>    Defendants. | Case No. 12-cv-18-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 54) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for sanctions filed by defendants Nick Chandler, Zachary Jany, Jeremy Kennon, Shawn Parker, Bill Stork and Adam Wittenborn (Doc. 50) and dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to serve discovery responses as ordered by the Court (Doc. 49). Plaintiff Daniel Padilla has objected to the Report (Doc. 55), and the defendants have responded to the objection (Doc. 56).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews

those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the entire file *de novo* and finds the Report is correct for the reasons stated therein.  The Report found that Padilla had not responded to discovery regarding exhaustion of administrative remedies and had disobeyed an order compelling responses to those discovery requests.  These failures prevented the defendants from timely moving to dismiss on exhaustion grounds, a threshold issue, and had delayed the progress of this litigation.

In his objection, Padilla notes that he has no lawyer, no job and no income, he has mental health issues, and he does not understand court procedures.  He also no longer has the assistance of other inmate paralegals since he has been released from prison.  In response, the defendants note that the discovery they propounded were not complex and did not require legal assistance to answer.  The interrogatories asked for basic information about how Padilla used the grievance process with respect to each defendant:  the date of the grievance, the manner of submitting the grievance, the name of the person given the grievance, the date of any response and the date of the final disposition of the grievance.  The document production requests asked for all documents relating to exhaustion of administrative remedies.

The excuses given by Padilla in his objection are insufficient to excuse his non-compliance with the Court's order.  The defendants' discovery requests were simple enough to be answered by a non-lawyer and sought information Padilla could provide based on his personal knowledge and experience.  He did not even attempt to respond to those simple requests.  In light of such a complete failure to obey a discovery order, which prevented the defendants from proving an affirmative defense, dismissal is an appropriate sanction.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 54);

- **GRANTS** the defendants' motion for sanctions (Doc. 50);

- **DISMISSES** this case with prejudice pursuant to Rule 37(b)(2); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: August 30, 2013**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**